UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

JOHN KADYLAK
and SANDY KADYLAK,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
d/b/a ROYAL CARIBBEAN INTERNATIONAL,
ENTERTAINMENT & TRAVEL ALTERNATIVES, INC.,
and SERGEY DENISOV

    Defendants
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs JOHN KADYLAK and SANDY KADYLAK sue Defendants ROYAL CARIBBEAN CRUISES, LTD., d/b/a/ ROYAL CARIBBEAN INTERNATIONAL, ENTERTAINMENT & TRAVEL ALTERNATIVES, INC., and SERGEY DENISOV and allege:

1. This is an action in excess of $75,000 exclusive of costs and attorney's fees.

2. Plaintiff JOHN KADYLAK ["KADYLAK"] is a citizen of the Commonwealth of Pennsylvania and is *sui juris*.

3. Plaintiff SANDY KADYLAK ["SANDY KADYLAK"] is a citizen of the Commonwealth of Pennsylvania and is *sui juris*.

4. Defendant ROYAL CARIBBEAN CRUISES, LTD. d/b/a ROYAL CARIBBEAN INTERNATIONAL ["RCCL"] is a Liberian Corporation with its principal place of business in Miami-Dade County, Florida.

5. Defendant ENTERTAINMENT & TRAVEL ALTERNATIVES, INC. ["ETA"] is a Tennessee company with its principal place of business in Davidson County, Tennessee.

6. Defendant SERGEY DENISOV ["DENISOV"] is a citizen of the Ukraine and is *sui juris*.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (1) or 28 U.S.C. § 1332 (2). In the event jurisdiction is not available under 28 U.S.C. § 1332 (1) or 28 U.S.C. § 1332 (2), Plaintiff elects to proceed under this Court's admiralty jurisdiction.

8. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Royal Caribbean's cruise ticket.

9. At all times material hereto, Defendant RCCL personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial and not isolated business activity within this state;

    c. Committed one or more of the acts states in Florida Statutes, Sections 48.081, 48.181 or 48.193.

10. At all times relevant to this action, Defendant ETA was engaged in substantial and not isolated business activity within this state.

11. Defendant ETA has consented to and/or waived any objections to personal jurisdiction and venue pursuant to the terms of the passenger ticket contract with the Kadylaks and its agreement with RCCL.

12. Defendant Denisov has consented to and/or waived any objections to personal jurisdiction pursuant to the terms of the passenger ticket contract and his employment agreement with RCCL.

13. At all times relevant to this action, Defendants RCCL and ETA were engaged in a joint venture with respect to the tour that is the subject of this action.

14. At all times relevant to this action, Defendant ETA was acting as an agent of RCCL.

15. At all times relevant to this action, Defendant Denisov was an agent of RCCL.

16. At all times relevant to this action, Defendant ETA was acting within the course and scope of its agency with RCCL.

17. At all times relevant to this action, Defendant Denisov was acting within the course and scope of his employment with RCCL.

18. Venue is proper in Miami-Dade County because RCCL maintains an office and registered agent in Miami-Dade County, Florida and because the Kadylaks cruise ticket requires that suit be filed in Miami-Dade County, Florida.

19. At all times relevant to this action, RCCL was engaged in the business of providing to the public, for compensation, vacation cruises aboard its vessel, The Explorer of the Seas ["The Explorer"].

20. At all times material to this action, The Explorer was located in navigable and/or territorial waters.

21. At all times relevant to this action, ETA was engaged in the business of providing to the public, for compensation, theme based vacation cruises aboard various cruise ships, including The Explorer.

22. At all times relevant to this action, Denisov was acting within the course and scope of his employment as the Staff Captain on The Explorer.

23. At all times material to this action, RCCL owned, operated, managed, maintained and/or controlled The Explorer.

24. At all times relevant to this action, RCCL exercised control, or had the ability to exercise control over Denisov.

25. On or about March, 2014, the Kadylaks registered with ETA for a nine night specialty "Motorcycle Cruise" on The Explorer, commencing April 24, 2014.  The cruise allowed members of ETA's tour group to participate in excursions centered around group motorcycle rides organized by ETA at the Explorer's various ports of call.  One or more employees of ETA accompanied the group on the cruise to organize and supervise the tours.  ETA also arranged for the transportation of the Kadylaks motorcycles onboard the Explorer.  A copy of Kadylak's ticket and/or an exemplar ticket is in RCCL's possession.

26. On or about April 28, 2014, the Kadylaks participated in a motorcycle ride on the island of St. Maarten.

27. The Kadylaks were accompanied on the ride by one or more agents or employees of ETA.

28. Prior to commencing the tour, the Kadylaks rode to the local Harley Davidson bike rental shop to gas up their motorcycles.

29. While they were waiting in the parking lot at the bike rental shop for the tour to begin, they were joined by Denisov, who had rented a motorcycle from the bike rental shop in order to accompany the group.

30. The Kadylaks were not informed that Denisov would be riding with them prior to the time he joined them.

31. Upon arriving at the parking lot, Denisov proceeded to mount his motorcycle and start the engine, when he suddenly lost control of it and began throttling toward Kadylak, pinning him between two motorcycles and crushing his lower right leg.

32. Denisov continued to hold down the throttle of his bike for several seconds after hitting Kadylak, and required assistance from other passengers to turn off the engine and dismount.

33. Denisov acknowledged that he was responsible for Kadylak's injuries.

34. RCCL knew or should have known that Denisov was participating in the motorcycle ride with the ETA group at the time he disembarked in St. Maarten and/or approved of his participation in the tour.

35. RCCL also knew or should have known that Denisov did not have adequate training and experience to accompany the group on their ride and/or had been involved in other motorcycle accidents, and that his inexperience and/or history of prior accidents posed a hazard to the other members of the group.

36. In addition, ETA knew or should have known that Denisov did not have adequate training and experience to accompany the group on their ride and/or had been involved in other motorcycle accidents, and that his inexperience and/or history of prior accidents posed a hazard to the other members of the group.

37. Denisov accompanied the group with the knowledge and consent of RCCL and ETA.

38. As a result of the collision, Kadylak suffered a severe fracture to his lower right leg, requiring surgery to repair the damage.

39. Kadylak continues to experience pain as a result of his injuries, and may require additional surgery.

## **CLAIMS OF JOHN KADYLAK**

## **COUNT I – NEGLIGENCE**
(against Denisov)

40. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-39.

41. Denisov owed a duty of care to passengers and fellow riders such as Kadylak to exercise reasonable care in operating his motorcycle.

42. Denisov breached his duty to Kadylak in some or all of the following ways:

    a. failing to properly operate his motorcycle;

    b. operating a motorcycle without sufficient training and/or experience when he knew or should have known that his inexperience and/or lack of training posed a hazard to other riders;

    c. failing to properly stop the motorcycle prior to hitting Kadylak;

    d. pressing down on the throttle after colliding into Kadylak;

    e. participating in a motorcycle tour with passengers without having sufficient experience and/or training;

    f. failing to act as a reasonably prudent person and/or employee of RCCL would under the circumstances.

43. Denisov did not have adequate training and experience to accompany the group on their ride and/or had been involved in other motorcycle accidents prior to the St. Maarten tour.

44. Denisov knew or should have known that his inexperience and/or history of prior accidents posed a hazard to the other members of the group.

45. As a direct and proximate result of Denisov's negligence, Kadylak suffered, and continues to suffer, damages, including past and future medical expenses, lost wages, loss of earning capacity, physical pain, loss of enjoyment of life, disability, disfigurement, physical handicap, and pain and suffering.

WHEREFORE Plaintiff Kadylak requests this Court enter judgment in his favor, including costs, interest, and other relief this Court deems just and proper.  Plaintiff reserves the right to amend their Complaint to state a claim for punitive damages upon an appropriate evidentiary proffer.

## COUNT II – NEGLIGENCE
(against RCCL)

46. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-39.

47. RCCL owed a duty of care to passengers such as Kadylak to exercise reasonable care for the safety of its passengers, including Kadylak, during the cruise and while on ship approved and sponsored excursions. It also owed a duty to prevent its staff and officers from acting in a manner that foreseeably could cause injury to passengers.

48. RCCL breached its duty to Kadylak in some or all of the following ways:

    a. allowing one of its officers to ride with passengers on a motorcycle tour when it knew or should have known that Denisov did not have adequate training and experience to accompany the group on their ride and/or had been involved in other motorcycle accidents, and that his inexperience and/or history of prior accidents posed a hazard to the other members of the group;

    b. failing to properly monitor Denisov;

    c. failing to adopt and/or enforce procedures prohibiting ship's officers from participating in excursions with passengers.

49. RCCL knew or should have known that Denisov did not have adequate training and experience to accompany the group on their ride and/or had been involved in other motorcycle accidents prior to the St. Maarten tour.

50. RCCL knew or should have known that Denisov's inexperience and/or history of prior accidents posed a hazard to the other members of the group.

51. As a direct and proximate result of Denisov's negligence, Kadylak suffered, and continues to suffer, damages, including past and future medical expenses, lost wages, loss of earning capacity, physical pain, loss of enjoyment of life, disability, disfigurement, physical handicap, and pain and suffering.

WHEREFORE Plaintiff Kadylak requests this Court enter judgment in his favor, including costs, interest, and other relief this Court deems just and proper.

### COUNT III – VICARIOUS LIABILITY
(against RCCL)

52. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-39.

53. Denisov owed a duty of care to passengers and fellow riders such as Kadylak to exercise reasonable care in operating his motorcycle.

54. Denisov breached his duty to Kadylak in some or all of the following ways:

    a. failing to properly operate his motorcycle;

    b. operating a motorcycle without sufficient training and/or experience when he knew or should have known that his inexperience and/or lack of training posed a hazard to other riders;

    c. failing to properly stop the motorcycle prior to hitting Kadylak;

    d. pressing down on the throttle after colliding into Kadylak;

    e. participating in a motorcycle tour with passengers without having sufficient experience and/or training;

    f. failing to act as a reasonably prudent person and/or employee of RCCL would under the circumstances.

55. Denisov did not have adequate training and experience to accompany the group on their ride and/or had been involved in other motorcycle accidents prior to the St. Maarten tour.

56. Denisov knew or should have known that his inexperience and/or history of prior accidents posed a hazard to the other members of the group.

57. As a direct and proximate result of Denisov's negligence, Kadylak suffered, and continues to suffer, damages, including past and future medical expenses, lost wages, loss of earning capacity, physical pain, loss of enjoyment of life, disability, disfigurement, physical handicap, and pain and suffering.

58. RCCL is vicariously liable for Denisov's acts and/or omissions.

59. As a direct and proximate result of Denisov's negligence, Kadylak suffered, and continues to suffer, damages, including past and future medical expenses, lost wages, loss of earning capacity, physical pain, loss of enjoyment of life, disability, disfigurement, physical handicap, and pain and suffering.

WHEREFORE Plaintiff Kadylak requests this Court enter judgment in his favor, including costs, interest, and other relief this Court deems just and proper.

## COUNT IV – NEGLIGENCE
(against ETA)

60. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-39.

61. At all times relevant to this action, ETA owed a duty of care to their customers, such as Kadylak, to exercise reasonable care during the course of their excursions.

62. ETA breached its duty of care to Kadylak in some or all of the following ways:

    a. failing to ensure that all riders had the requisite level of experience and/or skill to partake in the planned excursion;

    b. permitting riders to partake in an excursion organized by ETA that did not have the requisite level of experience and/or skill to operate in a safe manner;

    c. permitting inexperienced employees of RCCL to join paying customers in their planned excursions;

    d. failing to take the necessary safety measures to prevent an accident;

    e. failing to properly monitor participants of their excursion, so as to prevent accidents.

63. It was foreseeable that the aforementioned acts or omissions would result in harm to guests taking part in the subject excursion, such as Kadylak.

64. ETA knew or should have known that the aforementioned acts or omissions would result in harm to riders, such as Kadylak.

65. As a direct and proximate result of ETA's negligence, Kadylak suffered, and continues to suffer, damages, including past and future medical expenses, lost wages, loss of earning capacity, physical pain, loss of enjoyment of life, disability, disfigurement, physical handicap, and pain and suffering.

WHEREFORE Plaintiff Kadylak requests this Court enter judgment in his favor, including costs, interest, and other relief this Court deems just and proper.

## CLAIMS OF SANDY KADYLAK

### COUNT V – LOSS OF CONSORTIUM
(against all Defendants)

66. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-39.

67. Prior to Kadylak's incident on or about April 28, 2014, Kadylak provided his wife Sandy Kadylak with services, comfort, companionship and society.

68. Kadylak sustained significant damage to his leg as a direct result of this incident, resulting in present and future lost income.

69. As a direct and proximate result of this incident, Sandy Kadylak has sustained a permanent loss of Kadylak's services and support.

WHEREFORE Plaintiff Sandy Kadylak requests this Court enter judgment in her favor, including costs, interest, and other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

    Respectfully submitted,

**THE LAW OFFICE OF**
**DAVID H. POLLACK, LLC**
540 Brickell Key Drive, Suite C-1
Miami, Florida 33131
Tel. No.: (305) 372-5900
Fax No.: (305) 372-5904


BY:__/s/David H. Pollack_____
    **DAVID H. POLLACK**
    Fla. Bar No. 0955840